[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15911
Non-Argument Calendar

_____

BIA No. A97-927-591

SERGIO OMAR BELDORATI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 21, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Sergio Omar Beldorati ("Beldorati"), a native and citizen of

Argentina, petitions this court to review the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") order denying his application for withholding of removal under the Immigration and Naturalization Act ("INA").[1] On appeal, Beldorati argues that his case should be remanded to the BIA because the BIA and IJ failed to determine whether Beldorati suffered past persecution, thus entitling him to a rebuttable presumption that he would suffer future persecution should he return to Argentina.

We review the BIA's decision, except to the extent that the BIA has expressly adopted the IJ's decision, in which case, we review the IJ's decision as well. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, the BIA adopted the IJ's decision, and stated that it agreed that Beldorati had not shown that he feared future persecution. Accordingly, we review both the BIA and IJ's decision.

An alien is entitled to withholding of removal to a country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). In order to be entitled to

---

[1] We dismiss his appeal as to the denial of asylum because we do not have jurisdiction to review the BIA's and IJ's discretionary decision not to waive the one-year time limit to apply for asylum. In his petition, Beldorati does not challenge the IJ and BIA's finding that he is not entitled to protection under the CAT. Thus, any argument is waived. *Huang v. U.S. Attorney Gen.*, 429 F.3d 1002, 1007 n.2 (11th Cir. 2005).

withholding of removal, the alien must demonstrate that it is "more likely than not" that he would suffer persecution on account of one of the protected grounds should he be returned to his native country. *Ruiz*, 479 F.3d at 766. An alien that can prove he suffered past persecution in his native country "creates a rebuttable presumption that the alien's life or freedom would again be threatened upon removal to the proposed country." *Id.* We have defined "persecution" as "an 'extreme concept' requiring 'more than a few isolated incidents of verbal harassment or intimidation . . . [m]ere harassment is not persecution." *Id.* (quoting *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005)).

The IJ has discretion to determine whether past incidents amount to persecution; however, where an alien presents evidence that he suffered past persecution, "the regulations do not give the IJ the discretion to refrain from making a determination regarding past persecution altogether." *Antipova v. U.S. Attorney Gen.*, 392 F.3d 1259, 1265 (11th Cir. 2004). In *Antipova*, we remanded the case to the BIA where the BIA left us unable to "undertak[e] meaningful judicial review of the merits of [the] order" because it failed to detail whether the petitioner had suffered past persecution. *Id.* at 1265. We instructed that the IJ had to make a finding regarding past persecution if the applicant seeking withholding of removal "sets forth credible evidence" of past persecution. *Id.* An applicant that presents sufficient evidence to prove past persecution is entitled to a favorable

3

presumption of future persecution that the government must then rebut. *Id.*

After reviewing the record, and reading the parties' briefs, we conclude that the BIA and the IJ failed to address whether Beldorati suffered past persecution.

In his decision, the IJ concluded that Beldorati's testimony and the background information submitted prior to the hearing failed to show that it was "more likely than not" that he would incur future persecution. The IJ did not, however, discuss whether the mistreatment endured by Beldorati amounted to past persecution. If Beldorati had suffered past persecution then he was entitled to a rebuttable presumption in his favor that he was likely to suffer future persecution. Thus, we grant Beldorati's petition and remand this case to the BIA to determine whether Beldorati suffered past persecution and, if so, whether the presumption of future persecution was rebutted by the government.

**PETITION GRANTED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**